**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ELLEN M. C.,

                Plaintiff,

v.                                                                   5:22-cv-01175 (AMN/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OLINSKY LAW GROUP** | **HOWARD D. OLINSKY, ESQ.** |
| 250 South Clinton Street – Suite 210 | |
| Syracuse, New York 13202 | |
| *Attorneys for Plaintiff* | |
| **SOCIAL SECURITY ADMINISTRATION** | **VERNON NORWOOD, ESQ.** |
| 6401 Security Boulevard | |
| Baltimore, Maryland 21235 | |
| *Attorneys for Defendant* | |

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Petitioner, Howard D. Olinsky, attorney for Plaintiff Ellen M. C.,[1] moves for an award of attorney's fees pursuant to Section 406(b) of the Social Security Act (the "SSA").  *See* Dkt. No. 22 ("Motion").  Defendant Commissioner of Social Security ("Commissioner") neither supports nor opposes the requested relief.  *See* Dkt. No. 25.

For the reasons set forth below, the Court grants Petitioner's Motion in its entirety.

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

## II.     BACKGROUND[2]

On November 9, 2022, Plaintiff filed this civil action seeking review of the final decision of the Commissioner denying her application for Supplemental Security Income benefits under the SSA.  Dkt. No. 1.  On April 4, 2022 and July 27, 2023, the Court reversed the Commissioner's final decision and remanded this action to the Commissioner for further administrative proceedings.  *See* Dkt. No. 22-1 at ¶ 1.  On both occasions, the parties stipulated to an award of attorney's fees, and the Court thereafter awarded a total of $11,623.72 in attorney's fees to Petitioner.  *See id.* at ¶ 2.

On August 27, 2025, the Social Security Administration (the "Administration") issued Plaintiff a Notice of Award.  Dkt. No. 22-3 (the "Award").  Pursuant to the Award, the Administration will pay Plaintiff a lump sum of past-due benefits as well as a monthly benefit going forward.  *See id*. at 4-5.[3]  The Administration also withheld $29,275.50 from Plaintiff's past-due benefits "in case [the Administration] need[ed] to pay [her] representative."  *Id*. at 6.

Presently before the Court is Petitioner's motion for an award of attorney's fees under 42 U.S.C. § 406(b)(1), which authorizes a court to grant a "reasonable fee . . . not in excess of [twenty-five] percent of the total past-due benefits" awarded in a successful Social Security benefits action. 42 U.S.C. § 406(b)(1)(A).  Petitioner has represented Plaintiff on a contingency fee basis pursuant to a fee agreement dated May 24, 2021, whereby Plaintiff agreed to compensate her counsel in the amount of twenty-five percent of any past-due benefits awarded pursuant to 42 U.S.C. § 406(b). *See* Dkt. No. 22-2 at 2.  According to the Award, Plaintiff's past-due benefits were determined to be $115,693.00.  Dkt. No. 22-1 at ¶ 4.  Petitioner seeks attorney's fees in the amount of $28,923.25,

---

[2] This case was reassigned to the undersigned on September 16, 2025.  *See* Dkt. No. 23.

[3] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

which is twenty-five percent of Plaintiff's past-due benefits.  *See id.* at ¶¶ 5, 7.

## III.    STANDARD OF REVIEW

The SSA provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  "The Second Circuit identified the following factors for a court to consider as a basis for refusing to approve the full amount requested under a contingency fee arrangement: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney."  *Karla B. v. Berryhill*, No. 18-cv-1273, 2020 WL 3047517, at *2 (N.D.N.Y. June 8, 2020) (citation omitted).  "Moreover, the Second Circuit has noted that a district court 'must give due deference to the intent of the parties.'"  *Id*. (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)).  Indeed, the Supreme Court has explained that, "most plausibly read, [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Ben D. v. Saul*, No. 15-cv-1114, 2020 WL 1935553, at *2 (N.D.N.Y. Apr. 22, 2020) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)) (alterations omitted).  Rather, a district court's review of such agreements is "an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.

## IV.    DISCUSSION

The Court's "determination of a reasonable fee under [Section] 406(b) must begin with the contingency fee agreement[.]"  *Ben D.*, 2020 WL 1935553, at *2 (quoting *Wells*, 907 F.2d at 370).  In this case, pursuant to the contingency fee agreement, Petitioner seeks an award of $28,923.25

3

in attorney's fees, which is twenty-five percent of the past-due benefits that the Administration awarded Plaintiff.  *See* Dkt. No. 22-1 at ¶¶ 5, 7; *see also* Dkt. No. 22-2 at 2 (Plaintiff affirming, in relevant part, that she "understand[s] that [her] federal court attorney . . . has the right to ask the court to award 25% of [her] past-due benefits . . . for representing [her] in federal court").  The Second Circuit has held that "where there is a contingency fee agreement in a successful social security case, . . . the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  *Fields v. Kijakazi*, 24 F.4th 845, 852-53 (2d Cir. 2022) (citation omitted).  Here, there is no indication that the requested fee is out of line with the representation or the results that Petitioner achieved, nor is there any suggestion that counsel delayed or attempted to delay resolution of this litigation.  Additionally, there is no evidence in the record that Petitioner engaged in fraud or overreaching to arrive at this result.

Furthermore, Petitioner states that attorneys and paralegals spent a total of 60.7 hours on Plaintiff's case before this Court.  *See* Dkt. No. 22-1 at ¶ 9.  Awarding Petitioner the total amount sought would result in a *de facto* hourly rate of $579.10.  *See id.*  This hourly rate is within the range of what courts generally consider to be reasonable in a case with experienced counsel who provided quality and efficient representation.  *See, e.g.*, *Fields*, 24 F.4th at 854-56 (approving *de facto* rate of $1,556.98 as reasonable); *Michael N. v. Comm'r of Soc. Sec.*, No. 23-cv-175, 2025 WL 1519316, at *2 (May 28, 2025) (approving *de facto* hourly rate of $2,000 and noting that "the Second Circuit has approved similar *de facto* rates in light of the nature of these cases"); *Kristen E. H. v. Comm'r of Soc. Sec.*, No. 21-cv-962, 2023 WL 122612, at *3 (N.D.N.Y. Jan. 6, 2023) (approving $1,197 *de facto* hourly rate and collecting cases approving comparable or higher rates).

Moreover, there is no indication that such an amount would constitute a "windfall" under these circumstances.  "When determining whether an award of attorney's fees constitutes a

4

windfall, the factors courts have considered include: the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *David M.D. v. Dudek*, No. 21-cv-465, 2025 WL 1266612, at *2 (N.D.N.Y. May 1, 2025) (internal quotation marks and citation omitted).  Where, as here, the specialization and experience of the law firm and its attorneys enabled them to work efficiently and obtain two orders remanding the action to the Commissioner, "it would be foolish to punish a firm for its efficiency and thereby encourage inefficiency." *Mileke W. v. Comm'r of Soc. Sec.*, No. 22-cv-1387, 2025 WL 1951822, at *3 (N.D.N.Y. July 16, 2025) (quoting *Fields*, 24 F.4th at 854).  Indeed, Petitioner "has extensive experience practicing social security law and representing claimants before the Social Security Administration and in the United States District Court." *David L. J. v. Comm'r of Soc. Sec.*, No. 21-cv-415 (AMN/ML), 2025 WL 2531362, at *2 (N.D.N.Y. Sept. 3, 2025) (referring to Petitioner).  The Court also notes that Defendant does not oppose the Motion. *See* Dkt. No. 25 at 1.  Accordingly, the Court finds that Petitioner's requested amount in attorney's fees is reasonable.

Lastly, when an attorney seeks fees under both the SSA and EAJA, if successful, the attorney must refund the smaller of the awards to the plaintiff. *See Ben D.*, 2020 WL 1935553, at *1 n.2; *see also Wells v. Bowen*, 855 F.2d 37, 42, 48 (2d Cir. 1988) (noting that parties "may seek fees under both provisions, as long as the attorney, if successful, gives the smaller of the two awards to his or her client").  Petitioner has indicated that he will refund the attorney's fees under the EAJA to Plaintiff.  *See* Dkt. No. 22-1 at 3.  Accordingly, the Court additionally orders Petitioner to refund EAJA attorney's fees totaling $11,623.72 to Plaintiff.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Petitioner's motion for an award of attorney's fees under 42 U.S.C.

§ 406(b)(1), Dkt. No. 22, is **GRANTED in the amount of $28,923.25** to be paid from the amount withheld by the Administration from Plaintiff's past-due benefits; and the Court further

ORDERS that, upon receipt of the $28,923.25 in attorney's fees, Petitioner is directed to immediately refund Plaintiff the EAJA fee award of $11,623.72; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: April 15, 2026
        Albany, New York

Anne M. Nardacci
U.S. District Judge

6